# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Randy J. Krongard,                                    Civil No. 12-3008 (DWF)

                    Plaintiff-Appellant,

v.                                                        **MEMORANDUM**
                                                    **OPINION AND ORDER**

Auto-Owners Insurance Co.,

                    Defendant.

---

John Erik Kingstad, Esq., Kingstad Law Office, counsel for Plaintiff-Appellant.

Allison M. Lange Garrison, Esq., and Timothy P. Tobin, Esq., Gislason & Hunter LLP, counsel for Defendants.

---

## INTRODUCTION

This matter is before the Court on appeal by Plaintiff-Appellant Randy J. Krongard ("Krongard") from a judgment and order for judgment entered in the United States Bankruptcy Court for the District of Minnesota. (Doc. No. 1 at 1.) For the reasons discussed below, the Court affirms the ruling of the Bankruptcy Court.

## BACKGROUND

Krongard and his former spouse (together, the "Krongards") filed for Chapter 7 Bankruptcy on September 15, 2004. (Doc. No. 1, Ex. 1 (Compl.) ¶ 8; Doc. No. 1, Ex. 15

(Bankr. Doc.) at No. 1.)[1]  The Krongards were discharged and the case was closed on

December 20, 2004.  (Compl. ¶ 9; Bankr. Doc. No. 10.)  The bankruptcy case was

reopened three times, based on the Trustee's discovery of assets after the case was closed.

The second and third reopenings are relevant to this case and will be discussed.  In July

2008, the case was reopened for the second time after the Trustee learned that the

Krongards were owners of previously undisclosed real property located at an address on

Pine Street North in Hudson, Wisconsin 54106 ("Pine Street Property").  (Compl. ¶ 11.)

The case was closed again in February 2010, but was subject to reopening for disposition

of the Pine Street Property at a later date.  (Bankr. Doc. No. 49 (Stipulation) ¶ 5.)

The bankruptcy case was reopened for the third time in December 2011, when

New York Community Bank ("NYCB"), which held a mortgage on the Pine Street

Property, and the Trustee jointly requested relief from the automatic stay resulting from

the bankruptcy proceedings.  (Stipulation ¶ 8.)[2]  During this proceeding, Krongard sought

to administer additional assets himself, including a:

> cause of action/claim for proceeds of Auto-Owners Insurance homeowners
> insurance/property insurance for interior flooding and roof damage to the
> Real Property and the personal property contents of [the Pine Street
> Property] occurring on June 7, 2008 and June 28, 2008, and thereafter . . .

[1]     The Bankruptcy Docket refers to the original bankruptcy proceeding, Case No.
04-45191.  The Court also cites to the Adversary Docket, Case No. 12-4140, as "Adv.
Doc."

[2]     In between the second and third reopenings, NYCB took the Pine Street Property
into foreclosure.  (Stipulation ¶¶ 6, 7.)  The Krongards alleged that the foreclosure
violated the automatic stay in place by virtue of the bankruptcy proceedings, but a
Wisconsin Circuit Court disagreed and entered a foreclosure judgment.  (*Id.*)

> but not including any claim by Randy K. Krongard against [Auto-Owners]
> for bad faith termination of such coverage.

(*Id.* ¶ 10; Bankr. Doc. No. 43 at 1.)  Krongard believed that Auto-Owners had wrongfully

declined to cover losses that he claims occurred when a water pipe burst on June 7, 2008,

and resulting from storm damage that occurred on June 30, 2008.

The matter of the December 2011 reopening was resolved in April 2012, when the

Trustee, Krongard, and NYCB entered into a Stipulation.  (Stipulation.)  The Stipulation

provides, in part, that:

> On January 10, 2012, the Debtor filed a motion to administer
> additional assets seeking the right to assert certain causes of action against a
> number of entities (the "Motion to Administer Assets").  The Trustee has
> determined that pursuing these causes of action will require substantial
> time, effort and cost with an uncertain outcome.  Therefore, the Trustee has
> determined that there is no benefit to the Estate in administering these
> assets.  Furthermore, these causes of action have been previously
> abandoned to the Debtor upon closing the estate in February, 2010.
>
> . . .
>
> The Trustee, the Debtor and the Bank now wish to resolve their
> disputes, to dismiss the Motions and to close the Bankruptcy Estate upon
> the following terms.

(*Id.* ¶¶ 10, 12.)  Pursuant to the terms of the Stipulation:  (1) Krongard was given the right

to pursue collection on various assets, including a claim against Auto-Owners; (2) NYCB

agreed to vacate its foreclosure and abandon its mortgage; (3) the Trustee abandoned the

"assets" represented by the Pine Street Property and acknowledged that all causes of

action not previously administered in the bankruptcy have been abandoned, and agreed to

file a notice of abandonment with the court.  (*Id.* ¶¶ 10-15.)  The Stipulation also

specifically provided, among other things, that Krongard had ninety days to bring any

actions in the Bankruptcy Court or the case would then be closed.  (*Id*. ¶¶ 10-16.)  The parties also agreed to release each other, but the release did not apply to "claims brought by the debtor against other third parties."  (*Id*. ¶ 18.)

The Bankruptcy Court approved the Stipulation in an order dated April 5, 2012. (Bankr. Doc. No. 51.)  The Trustee gave notice of his intent to abandon the Pine Street Property asset on May 7, 2012.  (Bankr. Doc. No. 53.)

Krongard filed the present adversary proceeding against Auto-Owners on June 7, 2012, by filing a Complaint that asserts three claims:  declaratory judgment; trespass; and breach of special duty of good faith and fair dealing.  (Compl.)  Krongard's declaratory judgment claim arises out of Auto-Owners' refusal to cover, beyond a small portion of, damage to the Pine Street Property that occurred in June 2008, and its ultimate termination or non-renewal of the Krongards' insurance coverage.  (*Id*. ¶¶ 17-30.)[3]  In support of his claim for trespass and injury to real and personal property, Krongard alleges that Michael Buchner (whom the Complaint identifies as an employee of and field claims representative for Auto-Owners), while investigating the June 2008 damages, trespassed onto an undamaged portion of the roof of the Pine Street Property, kicked a hole in the roof, and ripped off shingles, leaving the interior exposed to further damage. (*Id*. ¶¶ 3, 22, 35-36.)  In support of his claim for breach of good faith and fair dealing,

---

[3]     Krongard alleges that at all times between October 25, 2000 and October 25, 2009, the Pine Street Property was insured pursuant to a Homeowner's Insurance Policy No. 42-561-873-00 (the "Policy").  (Compl., Ex. A.)  The Policy lists a policy term of 12:01 a.m. on October 25, 2007 through 12:01 a.m. on October 25, 2008, with a "renewal effective" date of October 25, 2007.  (*Id*., Ex. A at 3.)

Krongard alleges that Auto-Owners breached its special duty of good faith and fair dealing in several ways, all related to the alleged June 2008 losses.  (*Id. ¶¶* 40-41.)

Auto-Owners answered the Complaint, alleging, among other things, that the Bankruptcy Court lacks subject matter jurisdiction.  (Adv. Doc. No. 12.)  Auto-Owners also moved for judgment on the pleadings based on the court's alleged lack of subject matter jurisdiction.  (Adv. Doc. No. 20; Doc. No. 1, Ex. 5.)  The Bankruptcy Court granted the motion for judgment on the pleadings and dismissed Krongard's claims without prejudice.  (Doc. No. 1, Ex. 9, Judgment ¶¶ 1-3.)  From the bench, the Bankruptcy Court explained that it lacked jurisdiction to adjudicate the claims.  (Doc. No. 1, Ex. 7 ("Hrg. Tr.") at 37.)  The Bankruptcy Court held that the claims in the adversary Complaint "are not and never were property of the estate" and, alternatively, even if Plaintiffs' claims (which arise out of the Pine Street Property or related insurance) were property of the estate, they were abandoned.  (*Id*. at 27, 37.)

Krongard now appeals the Order Granting Motion for Judgment on the Pleadings and the Judgment entered in the adversary proceeding pursuant to 28 U.S.C. §158(a). Specifically, Krongard submits that the Bankruptcy Court erred in dismissing the Complaint for lack of subject matter jurisdiction.  Auto-Owners submits that the Bankruptcy Court did not err and appropriately dismissed the Complaint for lack of subject matter jurisdiction.

**DISCUSSION**

## I.  Standard of Review

In bankruptcy proceedings, the district court acts as an appellate court and reviews the Bankruptcy Court's legal determinations *de novo* and findings of fact for clear error. *In re Falcon Prods., Inc.*, 497 F.3d 838, 840-41 (8th Cir. 2007).  The issue of whether the Bankruptcy Court properly dismissed Krongard's Complaint for lack of subject matter jurisdiction is a question of law, and therefore is subject to *de novo* review.  *See, e.g.*, *In re Fairfield Cmtys., Inc.*, 142 F.3d 1093, 1095 (8th Cir. 1998).  Motions to dismiss a bankruptcy action for lack of jurisdiction are reviewed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Fed. R. Bankr. P. 7012(b).

A motion to dismiss for lack of subject matter jurisdiction may challenge a plaintiff's complaint either on its face or on the factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted).  When a defendant brings a facial challenge—a challenge that the facts alleged in a claim are insufficient to establish jurisdiction, even if truthful—a court reviews the pleadings alone, and the non-moving party receives the same protections as it would defending against a motion brought pursuant to Rule 12(b)(6).  *Id.* (citation omitted).  In a factual challenge to jurisdiction, the court may consider matters outside the pleadings, and the non-moving party does not benefit from the safeguards of Rule 12(b)(6).  *Id.* (citation omitted).

## II.  Bankruptcy Court's Jurisdiction

Krongard argues that the Bankruptcy Court erroneously dismissed his Complaint for lack of subject matter jurisdiction.  In any action, "[i]f the court determines at any

time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Federal district courts have "original and exclusive jurisdiction of all cases under title 11" (the "Bankruptcy Act").  28 U.S.C. § 1334(a).  In addition, federal district courts have original but not exclusive jurisdiction over civil claims "arising under" the Bankruptcy Act or "arising in or related to cases under title 11."  28 U.S.C. § 1334(b).

The Eighth Circuit has explained the jurisdictional scheme in bankruptcy cases, explaining that there are two types of adversary proceedings over which the bankruptcy court has jurisdiction:  (1) core proceedings; and (2) non-core, related proceedings. *Abramowitz v. Palmer*, 999 F.2d 1274, 1277–78 (8th Cir. 1993).  Core proceedings under 28 U.S.C. § 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law.  *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995) (citations omitted).  Non-core, related proceedings are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy case, although they may be related to a bankruptcy case.  *Id*. at 774.

## A.    Core Proceeding

Bankruptcy courts may hear "core" proceedings arising under Title 11, or arising in a case under Title 11.  28 U.S.C. § 157(b)(1).  Actions which do not depend on bankruptcy laws for their existence and which could proceed in a different court are not core proceedings.  *Specialty Mills*, 51 F.3d at 774.  In his adversary action, Krongard asserts three causes of action:  declaratory judgment as to insurance coverage over the alleged June 2008 losses to the Pine Street Property; trespass and injury to real and

personal property; and bad faith breach of good faith and fair dealing.  The Bankruptcy

Court held that the claims did not present a core proceeding.  (Hrg. Tr. at 28 ("These

claims in no way are claims that arise in or arise under the Bankruptcy Code.").)  Because

all three of Krongard's claims are grounded in state law, and because none depend upon

bankruptcy laws for their existence, Krongard's adversary proceeding is not a "core"

bankruptcy proceeding.[4]

### B.    Non-Core Proceeding

Bankruptcy courts may also hear any non-core proceedings that are otherwise

"related to" a case under Title 11.  28 U.S.C. § 157(c)(1).  "For subject matter jurisdiction

to exist in a 'related to' action, there must be some nexus between the civil proceeding

and the Title 11 case."  *Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*,

417 F.3d 953, 957-58 (8th Cir. 2005) (quotation omitted).  "A claim is 'related to' a

bankruptcy case within the meaning of § 1334(b) if it could 'conceivably have any effect

on the bankruptcy estate.'"  *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1230-31 (8th Cir.

1997) (citation omitted).  A civil proceeding is related when its outcome "could alter the

debtor's rights, liabilities, options, or freedom of action" and when the proceeding "in

---

[4]    Plaintiffs argue that their claim for declaratory judgment alleges a claim for
violation of the automatic stay and that it therefore "arises under Title 11."  However,
Plaintiffs did not assert the violation of the automatic stay in their Complaint.  Instead,
Plaintiffs' declaratory judgment claim clearly relates to Auto-Owners' refusal to cover
damage to the Pine Street Property that occurred in June of 2008 and its ultimate
termination or non-renewal of the Krongards' insurance coverage.  Krongard's
Complaint does not reference any alleged violation of the automatic stay; nor does it
allege any resulting damages.

any way impacts upon the handling and administration of the bankruptcy estate." *In re Dogpatch U.S.A.*, 810 F.2d 782, 786 (8th Cir. 1987) (citation omitted).

Here, the Bankruptcy Court found that Krongard's claims in his Complaint did not relate to the bankruptcy proceedings and, therefore, concluded that it lacked subject matter jurisdiction. (Hrg. Tr. at 28.) The Bankruptcy Court noted that Krongard's claims were not property of the estate, but also noted that "even if these claims were at one point in time property of the estate," they had been abandoned. (Hrg. Tr. 37.)[5]

As explained above, Krongard's three claims in his adversary Complaint are grounded in state law and relate to the Pine Street Property. However, the Pine Street Property and Krongard's claims were also abandoned by the Trustee per the Stipulation. In particular, pursuant to the Stipulation, and having determined that there was no benefit to the bankruptcy estate in administering the assets represented by the Pine Street Property, the Trustee agreed to abandon the Pine Street Property and acknowledged that all causes of action not previously administered in the bankruptcy had been abandoned. (Stipulation ¶¶ 10-15.) The abandonment of the Pine Street Property removed it from the jurisdiction of the Bankruptcy Court. *See In re DeVore*, 223 B.R. 193, 200 (B.A.P. 9th Cir. 1998) ("Abandonment removes the asset from the jurisdiction of the bankruptcy

---

[5]   Krongard also argues that the Bankruptcy Court incorrectly concluded that it lacked subject matter jurisdiction over the adversary action because the policy under which Krongard seeks coverage was not part of the bankruptcy estate. The Court, however, need not reach this argument because it concludes that the Bankruptcy Court lacked jurisdiction for the independent reasons discussed herein.

court.") (citation omitted); *see also*, *In re Von Grabe*, 332 B.R. 40, 43-44 (Bankr. M.D. Fla. 2005) (explaining that the abandonment removes property from the bankruptcy estate and returns the property to the debtor).  Because Krongard's claims all concern the Pine Street Property and related claims, all of which were abandoned, they cannot have an effect on the estate.[6]  Therefore, the Bankruptcy Court does not have jurisdiction.[7]

## CONCLUSION

For the reasons discussed above, the Court affirms the Bankruptcy Court's dismissal of Krongard's adversary action for lack of subject matter jurisdiction. Krongard's claims concern insurance proceeds for an alleged loss to the Pine Street Property, which was abandoned by the Trustee.  Krongard's adversary action is not a proceeding over which the Bankruptcy Court would have jurisdiction.

---

[6]     The Court also notes that the entire estate has been administered or abandoned. Thus, there is no bankruptcy estate for Krongard's claims to "effect."

[7]     Krongard also argues that the Bankruptcy Court abused its discretion in dismissing the Complaint without affording him the opportunity to show how a transfer to the proper court would have been in the "interest of justice."  However, Krongard failed to argue for a transfer before the Bankruptcy Court.  Thus, Krongard waived the right to have the transfer issue considered on appeal.  *Shanklin v. Fitzgerald*, 397 F.3d 596, 601 (8th Cir. 2005).  Even if the Court considered the merits of the transfer issue, the Court concludes that Krongard has failed to present any compelling arguments that the case should have been transferred to district court in the interests of justice and, in particular, notes that Krongard had ample opportunity to disclose the Pine Street Property and related insurance policy during the bankruptcy proceedings.

**ORDER**

**IT IS HEREBY ORDERED** that the Bankruptcy Court's Order Granting Motion for Judgment on the Pleadings and the Judgment are **AFFIRMED**.

Dated:  September 13, 2013                    s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge